[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT
This is an action on a counterclaim to the plaintiff's, Liberty Savings Bank (Liberty), action for foreclosure. The foreclosure action was nonsuited. The court then held a hearing on the counterclaim of the defendant, Shelva J. Carner (Carner).
After hearing testimony from the defendant on the counterclaim, and reviewing various exhibits, the court finds the allegations in the counterclaim to have been proven. Specifically, Carner was current with her mortgage payments to her mortgage holder, Brooklyn Savings Bank, which failed. Her note was taken over by the FDIC, which eventually assigned the account to Liberty. She kept making monthly payments to Liberty until Liberty told her she was delinquent and demanded four payments. When she sent them the August 1992 payment, Liberty sent it back claiming more money was due and threatened to foreclose on her $57,000 note.
When she tried to discuss the matter, Liberty demanded payment in full. She never made further payments. By a writ dated December 2, 1992, Liberty brought foreclosure action which went to judgment in favor of Carner on December 1, 1993. CT Page 2041
Carner testified that she was always willing to make the mortgage payments but that Liberty refused to cooperate and permit her to do so. The court finds Carner's testimony to be true.
As a result of Liberty's actions, Carner lost her credit rating. She could not sell her house and move to Florida as she wished to do. Her roof was leaking. She had no money to fix it nor could she get a loan to do so. The rest of her house was damaged. The cost to repair the house and roof was $10,000. As a further result of leaks in the roof, her house was flooded. She has no heat and has to use a wood stove.
She suffered emotional distress for all of the foregoing.
Carner further claimed and proved that Liberty was recklessly indifferent to her valid complaints.
After the first foreclosure action resulted in a judgment for Carner, Liberty demanded payment of the mortgage, interest through April 4, 1994, late charges and legal costs and payment of the original loan in the total amount of $70,674.07.
The court finds that Carner suffered an ascertainable loss in the amount of $10,000 for damages resulting from the leaking roof. She also suffered loss of her good credit rating, was prevented from moving to Florida because she was unable to sell the house and emotional distress.
The court therefore makes the following award of damages:
 Ascertainable Loss $ 10,000 Punitive Damages $ 20,000 Attorney's Fees $ 5,000 __________ Total $ 35,000
The court also finds that this foreclosure action was nonsuited for failure to plead on October 16, 1995. Therefore, judgment hereby enters in favor of Carner on the foreclosure action. CT Page 2042
In accordance with the second counterclaim, the court finds that Liberty violated Connecticut General Statutes § 49-8 (b) in failing to release the mortgage after it became of no effect upon judgment for Carner entered on December 1, 1993, in the foreclosure action of December 2, 1992.
Liberty is hereby ordered to release the mortgage on the property in view of the judgment for Carner in this case.
Hurley, J.